09-1268-ag
Chen v. Holder

BIA
A078 692 239

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of September, two thousand ten.

PRESENT:

> DENNIS JACOBS,
> > *Chief Judge,*
> JON O. NEWMAN,
> DENNY CHIN,
> > *Circuit Judges.*

_____

YU ZHEN CHEN,
    *Petitioner,*

v.                                          09-1268-ag

UNITED STATES DEPARTMENT OF JUSTICE,
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondents.*

_____

FOR PETITIONER:          Yee Ling Poon, Robert Duk-Hwan Kim, Law Offices of Yee Ling Poon, LLC, New York, New York.

FOR RESPONDENTS:         Tony West, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Dana M. Camilleri, Trial Attorney, Office of Immigration Litigation, Civil Division, United

**States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Yu Zhen Chen, a native and citizen of the People's Republic of China, seeks review of a February 27, 2009, order of the BIA denying her motion to reopen her removal proceedings. *In re Yu Zhen Chen*, No. A078 692 239 (B.I.A. Feb. 27, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). In denying Chen's motion to reopen based on her claimed fear of persecution on account of her husband's pro-democracy activities in the United States, the BIA reasonably noted that Chen's husband had been active in the pro-democracy movement since December 2003, and that her claim, along with much of the evidence she submitted in support of that claim, could have been presented at her November 2005 hearing before an IJ. *See* 8 C.F.R. § 1003.2(c)(1); *see also INS v. Abudu*, 485 U.S. 94, 104 (1988).

-2-

Chen argues that the BIA ignored certain statements in her husband's affidavit post-dating her 2005 hearing, as well as previously unavailable evidence that two prominent Chinese dissidents were arrested and detained. However, a reasonable fact-finder would not be compelled to conclude that the BIA ignored any material evidence that she submitted. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008); *see also Xiao Ji Chen v. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006). In fact, in addition to finding that much of Chen's evidence was previously available, the BIA reasonably found that Chen's evidence did not establish her *prima facie* eligibility for relief based on her husband's alleged pro-democracy activities because her husband statements and the arrest of two Chinese dissidents did not overcome an IJ's prior determination that Chen's husband was not credible. *See Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) (per curiam) (holding that evidence submitted was not material because it did not overcome the IJ's prior adverse credibility determination); *see also Wensheng Yan v. Mukasey*, 509 F.3d 63, 65 n.1 (2d Cir. 2007) (noting that "because the alleged persecution of Yan's wife was the predicate for his alleged resistance to sterilization, the IJ's implausibility finding as to that spousal persecution reasonably extended to Yan's

-3-

personal resistance.").

Moreover, we find speculative Chen's argument that she "established a realistic chance of establishing a reasonable possibility of suffering persecution by witnessing the persecution of her husband." *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005). Although an asylum applicant cannot succeed on claims of past persecution or fear of future persecution based solely on persecution inflicted on a family member on account of the family member's political opinion, we have recognized that there may exist circumstances when harm to an applicant's family member in conjunction with other factors may be sufficiently severe to amount to persecution. *See Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007); *Jorge-Tzoc v. Gonzales*, 435 F.3d 146, 150 (2d Cir. 2006). In such cases, however, the "harm suffered by family members in combination with other factors . . . would presumably only be [persecution] where . . . the applicant not only shares (or is perceived to share) the characteristic that motivated persecutors to harm the family members, but was also within the zone of risk when the family member was harmed, and suffered some continuing hardship after the incident." *Tao Jiang*, 500 F.3d at 141-42 (citing *Jorge-Tzoc*, 435 F.3d at 150). Because Chen provided no evidence beyond general

-4-

country conditions evidence regarding the treatment of political dissidents in China and made no assertion that she shares the alleged political opinion of her husband, she failed to demonstrate her *prima facie* eligibility for relief based on this claim. *See Abudu*, 485 U.S. at 104. Accordingly, the BIA did not abuse its discretion in denying Chen's motion to reopen. *See Kaur*, 413 F.3d at 233.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-5-